UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TOSHISADA ONISHI,

    Plaintiff,

v.

DAVID CHARLES CHAPLEAU *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-1048 DRL-MGG

<u>OPINION & ORDER</u>

Plaintiff Toshisada Onishi has filed several motions and amended motions for a temporary restraining order and preliminary injunction seeking to enjoin the Indiana Court of Appeals from pursuing its legal proceedings regarding the custody of his minor child. For the following reasons, the court DENIES Mr. Onishi's motions.

BACKGROUND

Plaintiff Toshisada Onishi met Rachel House on September 11, 2011 in Tokyo, Japan. ECF 1 at 12. They married in Japan in 2012 and have one minor son. *Id.* Three years later, they moved together to New Jersey. *Id.* Rachel House and her son, however, moved to Indiana later that year; and Ms. House subsequently initiated a dissolution proceeding in St. Joseph Superior Court. *Id.*

Judge David Chapleau, named a defendant in this case, entered a final dissolution of their marriage on February 5, 2019. *Id.* at 13. Judge Chapleau's decree did not award Mr. Onishi primary physical custody of his child. *Id.* Mr. Onishi claims that Judge Chapleau's findings in the matter were erroneous. *Id.* Mr. Onishi contends that various other named defendants (cited in his brief) took part in implementing the state court order.

Mr. Onishi alleges that he filed multiple complaints on February 15, 2019 and February 25, 2019 against Judge Chapleau along with motions for change of judge, but that Judge Chapleau issued

an order denying such motions. *Id.* Mr. Onishi claims to have filed a motion to enjoin or stay Judge Chapleau's ruling, but the state court denied that motion as well. *Id.* On February 26, 2019, Mr. Onishi orally stated his grievance against Judge Chapleau, but relief was not granted. *Id.*

On February 28, 2019, Mr. Onishi contacted Ms. Adrienne Meiring of the Indiana Commission on Judicial Qualification (ICJQ)—a defendant in this case—to file his grievance against Judge Chapleau. This grievance was also dismissed. *Id.* On August 8, 2019, Mr. Onishi filed a motion to dismiss with the ICJQ, which issued a letter dismissing Mr. Onishi's complaint against Judge Chapleau. *Id.* at 14.

Mr. Onishi then alleges that other defendants refused to produce material evidence that warranted his primary physical custody of his minor child. *Id.* A few weeks later, Judge Jenny Manier dismissed Mr. Onishi's petition to modify the February 5, 2019 order. *Id.*

The case proceeded on appeal. On October 22, 2019, Mr. Onishi filed a motion for leave of court to toll the time limitations for a petition for rehearing with the Indiana Court of Appeals, but this motion was denied. *Id.* at 15. On November 4, 2019, Mr. Onishi also submitted a grievance and request for an investigation regarding judicial misconduct committed by other defendants, but the ICJQ has not yet responded to the motion. *Id.*

Mr. Onishi challenges various Indiana statutes on the ground that they are unconstitutional and violate his constitutional rights. *Id.* at 5-12. He requested that the Indiana Court of Appeals stay any further state court proceedings concerning his appeal of Judge Chapleau's order pending the resolution of the constitutionality of the Indiana statutes in federal district court. His motion to stay proceedings was denied by the Indiana Court of Appeals through an order signed by Chief Judge Nancy Vaidik. *Id.* at 15. She is now a defendant in this case as well.

Mr. Onishi has filed a request for a temporary restraining order and preliminary injunction, amended several times, asking this court to stay any further proceedings in state court pending

2

resolution of his claims in this court. His amendments have varied slightly, but materially they all share the singular and immediate concern of the state court's action, denial of his stay in state court, and an appellate brief deadline of December 14 (or 16), 2019. *Id.* at 40; ECF 19 at 2, 20 at 1-3, 30 at 2.

PLAINTIFF'S CONDUCT AND OTHER PENDING MOTIONS

Before addressing the merits of Mr. Onishi's motions for a temporary restraining order and preliminary injunction, the court will address various other motions and matters concerning this proceeding. Within approximately two weeks, and in many cases before parties were served or appeared, Mr. Onishi accomplished approximately thirty separate filings. Mr. Onishi has been granted permission to appear *pro hac vice* in this case, so he must comply with the federal and local rules that govern this proceeding.

In a matter of two weeks, Mr. Onishi has violated applicable rules multiple times, which disrupt the orderly management of this proceeding, create delays in ruling, and otherwise interfere with the timely consideration of his issues on their merits. Just by way of examples:

- His original motion for temporary restraining order was filed before a complaint was ever submitted to commence this case—contrary to Federal Rules of Civil Procedure 3 and 8.

- After filing a verified complaint (ECF 7), Mr. Onishi filed what appear to be two additional amended complaints without a motion (ECF 16, 17). While a party may amend once as a matter of course under Federal Rule of Civil Procedure 15, he cannot do so thereafter without leave of court.

- Mr. Onishi has included the full name of his minor child in several filings in violation of Federal Rule of Civil Procedure 5.2(a)(3).

- Mr. Onishi filed a proposed order (now docketed as a motion at ECF 25), contrary to N.D. Indiana Local Rule 5-1 and the incorporated *CM/ECF Civil and Criminal User Manual*.

- Mr. Onishi filed what appear to be four amended motions either for a temporary restraining order or preliminary injunction (ECF 1, 9, 19, 20, 30), materially duplicative, along with briefs or supplemental affidavits in support (ECF 10, 21, 29).

- The clerk's office has received duplicative copies of motions—sometimes up to three copies—for a single motion, even after alerting Mr. Onishi that only one should be filed for each motion. Mr. Onishi has been alerted by the clerk's office of the need to follow the local rules.

As of today, the court estimates that there are eleven pending motions before it, most of which are materially duplicative or improperly submitted.

Mr. Onishi has been admitted in this court *pro hac vice*. He is cautioned that, under 28 U.S.C. § 1927, an attorney in federal court "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Additionally, Federal Rule of Civil Procedure 11(c) authorizes this court to award sanctions to a party based on filings that are presented for improper purposes, such as to cause unnecessary delay or that needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). Mr. Onishi should be mindful of these obligations, among all laws and rules that govern this proceeding, as he proceeds in this case. Violations could result in sanctions, loss of his *pro hac vice* status, or if serious and persistent enough the dismissal of this case.

That said, this order attempts to bring this case in line with its governing rules. Mr. Onishi has filed a motion to withdraw his original complaint (ECF 7), original motion for preliminary injunction and memorandum in support (ECF 9; ECF 10), motion for summary judgment and memorandum in support (ECF 11; ECF 12), and notice (ECF 16). ECF 18. The motion will be granted.

The court will further order the clerk's office to seal docket entries 1, 7, 16, 17, 21, 22, 23, and 24 because they contain the full name of Mr. Onishi's minor child. *See* Federal Rule of Civil Procedure 5.2(a)(3).

Because the complaint at ECF 17 and the latest proposed amendment at ECF 22 remain non-compliant with the court's governing rules, the motion to amend will be denied, and the complaint at ECF 17 will be deemed stricken, though it will remain part of the record, with leave granted to Mr. Onishi to file one complete third amended complaint by December 17, 2019 that is fully compliant, including referring to any minor son by his initials only. The defendants are not required to respond

to any pleading, as defined under Federal Rule of Civil Procedure 7(a), until this third amended complaint has been filed.

Any requests of this court (including through the clerk's office) must be made by motion in compliance with the court's governing rules. *See, e.g.*, Fed. R. Civ. P. 7(b); N.D. Indiana Local Rule 7-1. No changes to the docket requested by Mr. Onishi or actions by this court will be taken except through consideration of a properly filed motion or other filing. Mr. Onishi, given his temporary admission in this court, should become knowledgeable of all governing laws, rules, and the *Seventh Circuit Standards of Professional Conduct*. As an admitted attorney, he is responsible for his filings.

INJUNCTION ANALYSIS

The court now turns to the requests for injunctive relief. To obtain injunctive relief, Mr. Onishi must demonstrate some likelihood of succeeding on the merits, that there is no adequate remedy at law, and that he will suffer irreparable harm if preliminary relief is denied. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). If any of these elements are not satisfied, the court may not grant an injunction. *Id.* If the three elements are met, then the court must consider "the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied," and "the public interest, meaning the consequences of granting or denying the injunction to non-parties." *Id.* at 11-12. Mr. Onishi has not met these standards.

A.   Anti-Injunction Act, *Rooker-Feldman* Doctrine, & Federalism

This court's authority to grant an injunction of a state court proceeding, as Mr. Onishi requests here, is governed by the Anti-Injunction Act. *See* 28 U.S.C. § 2283. Generally, under the Anti-Injunction Act, federal courts should not enjoin state court proceedings. *Id.*

Three exceptions to this general rule exist, but Mr. Onishi has not established any one of them. He has not established that an injunction is appropriate, even if authorized by an Act of Congress.[1] He also has not shown that an injunction is necessary in aid of this court's jurisdiction, or would protect the court or effectuate its judgments. *Id.* These three exceptions must be applied narrowly. *Zurich Am. Ins. Co. v. Super. Ct. for the State of Cal.*, 326 F.3d 816, 824 (7th Cir. 2003). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

Further restraining this court is the Supreme Court's declaration that even though an injunction "*may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) (emphasis in original). Principles of equity, comity, and federalism must also restrain a federal court when asked to enjoin a state proceeding. *Mitchum v. Foster*, 407 U.S. 225, 243 (1972). These considerations lead to the general rule that the normal thing for courts to do when asked to enjoin pending proceedings in state courts is not to issue such injunctions, *Younger v. Harris*, 401 U.S. 37, 45 (1971), and that rule applies with equal force in this case.

Principles of federalism guide consideration of any exceptions to the Anti-Injunction Act. *See Mitchum*, 407 U.S. at 243. Acting on considerations of federalism, federal courts historically have left child custody decisions to the state as opposed to the federal judiciary. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701 (1992); *Moore v. Sims*, 442 U.S. 415, 435 (1979). This has been known in this circuit as the "domestic relations exception." *Hickey v. Duffy*, 827 F.2d 234, 238 (7th Cir. 1987); *see also Mannix*,

---

[1] While Mr. Onishi makes passing reference to 42 U.S.C. § 1983 (*see*, *e.g.*, ECF 30 at 2), he has not established through developed argument his entitlement to the extraordinary relief of a temporary restraining order or preliminary injunction for likely successful § 1983 claims.

6

244 Fed. Appx. at 38-39 (declining to enjoin state court custody dispute under § 2283); *Alpern*, 38 F.3d at 933 (holding that *Rooker-Feldman* doctrine and § 2283 (among others) bar review of divorce-related proceedings). The court does not blindly assume, based on this scant record or law, that Indiana courts will readily disregard Mr. Onishi's constitutional rights in resolving the appeal of his custody dispute.

In addition, the *Rooker-Feldman* doctrine precludes federal courts other than the United States Supreme Court from reviewing state court decisions. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509-10 (7th Cir. 1996). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (quoting *Exxon Mobil*, 544 U.S. at 284). "A litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *see also Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) ("litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court."). A plaintiff cannot avoid *Rooker-Feldman* by "casting his complaint in the form of a civil rights action" or by adding claims of constitutional deprivations. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *see also Zirkle v. Peller*, 2011 U.S. Dist. LEXIS 97526, 3-4 (N.D. Ind. Aug. 30, 2011) (Simon, J.) (denying injunction against state court custody proceeding based on claim that Indiana statutes were unconstitutional).

It is not enough for a claim to be "inextricably intertwined" with the facts of the state court judgment; rather, the "vital question" posed by the doctrine is whether the plaintiff "seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). Here, Mr. Onishi requests this court to order the proceedings before the Indiana Court of Appeals stayed,

7

directly challenging that court's decision to deny his motion. That, this federal court can't and won't do under the Anti-Injunction Act, *Rooker-Feldman* doctrine, and principles of federalism.

B.     Injunction Standards

Despite these restraints, Mr. Onishi would still need to meet the standards for an injunction. *See Abbott Laboratories*, 971 F.2d at 11; *Zurich*, 326 F.3d at 825 ("The extraordinary relief of an injunction of state court proceedings must also be supported by the traditional equitable requirements such as irreparable harm for which there is no adequate remedy at law."). Mr. Onishi has not done so.

While the "existence of a continuing constitutional violation" may support a claim of irreparable harm, *Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978), Mr. Onishi has not demonstrated a likelihood of success on the merits or the absence of an adequate remedy at law. In reviewing the various motions and supporting materials related to his request for a temporary restraining order and preliminary injunction, the court is not convinced as a preliminary matter that Mr. Onishi is likely to succeed on the merits of his claims. Given as this is a preliminary decision, based on a preliminary record, the court offers no forecasts about the ultimate outcome of this case.

In addition, Mr. Onishi has an adequate remedy at law—namely his appeal before the Indiana Court of Appeals; and later, if permitted, transfer to the Indiana Supreme Court; and ultimately if *writ of certiorari* is granted, to the United States Supreme Court. *See also Offutt v. Kaplan*, 884 F. Supp. 1179, 1189-90 (N.D. Ill. 1995) (declining to enjoin state court child custody case despite federal civil rights claims because state appellate courts provided adequate remedy).

Because Mr. Onishi has failed to show the absence of an adequate remedy at law or the likelihood of success on the merits, the court cannot issue an injunction. Mr. Onishi has the opportunity now to file a compliant complaint; and, at the proper time, the court will decide the merits of Mr. Onishi's constitutional claims. The court will not grant an injunction of Indiana's legal proceedings in Mr. Onishi's custody dispute.

CONCLUSION

That said, the court DENIES Mr. Onishi's motions for temporary restraining orders and preliminary injunctions (ECF 1, 19, 20, and 30); GRANTS Mr. Onishi's motion to withdraw various filings (ECF 18) such that the motions docketed at ECF 9 and ECF 11 will be shown WITHDRAWN; DENIES AS MOOT the motion docketed at ECF 2; ORDERS the filings docketed at ECF 1, 7, 16, 17, 21, 22, 23, and 24 SEALED; ORDERS the proposed order at ECF 25 to be docketed as a notice only; DENIES the motion to amend (ECF 22); ORDERS Mr. Onishi to file one complete and rule-compliant third amended complaint by December 17, 2019; and STRIKES the partial summary judgment motion at ECF 23 as non-compliant with the governing rules, though it will remain part of the sealed record and though Mr. Onishi will have leave to file a compliant summary judgment motion at the proper time.

SO ORDERED.

December 3, 2019	*s/ Damon R. Leichty*
	Judge, United States District Court