UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TOSHISADA ONISHI,

          Plaintiff,

   v.                                          CASE NO. 3:19-cv-1048 DRL-MGG

DAVID CHAPLEAU *et al.*,

          Defendants.

## OPINION AND ORDER

On April 9, 2020, Plaintiff Toshisada Onishi filed his Certified Motion to Recuse and Disqualify. Mr. Onishi seeks recusal of both the presiding judge and undersigned magistrate judge assigned to this case citing 28 U.S.C. §§ 144 and 455 as well as the Due Process Clause of the Fourteenth Amendment. [DE 85 at 1]. He supported his motion with an affidavit. [DE 85-1]. As discussed below, Mr. Onishi's alleged grounds for recusal are meritless. Accordingly, with respect to the recusal of the undersigned magistrate judge, Mr. Onishi's motion should be denied.

### LEGAL STANDARD FOR DISQUALIFICATION

A judge may recuse himself only if the circumstances are proper. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (citing *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)). Mr. Onishi says that the undersigned magistrate judge is required to recuse himself under both recusal statutes, 28 U.S.C. §§ 144 and 455, and the Due Process Clause of the Fourteenth Amendment. ECF 85 at 1.

Yet, Mr. Onishi offers no argument or authority for recusal under Fourteenth Amendment's Due Process Clause. Therefore, the Court need not address Mr. Onishi's constitutional argument. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *United States ex rel. Morgan v. Champion Fitness, Inc.*, 368 F. Supp. 3d 1198, 1216 (C.D. Ill. 2019) ("the Court will not attempt to grapple with every hint of an argument no matter how poorly developed").

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This is an "objective inquiry," *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990), "from the perspective of a *reasonable observer who is informed of all the surrounding facts and circumstances*," *Cheney v. United States Dist. Court for Dist. of Columbia,* 541 U.S. 913, 924 (2004) (Scalia, J., sitting alone) (internal quotations omitted). The reasonable observer is a "well-informed, thoughtful observer rather than . . . a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (quoting *In re Mason*, 916 F.2d at 386). A reasonable person "appreciate[s] the significance of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely an illusion." *In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010).

Recusal is also warranted when the judge has a "personal bias or prejudice" against a party in the proceeding. 28 U.S.C. §§ 144, 455(b)(1); *see Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) ("Because the phrase 'personal bias or prejudice'

2

found in Section 144 mirrors the language of Section 455(b)," the court analyzes the two statutory methods of disqualification identically). In determining whether a judge must recuse himself under this *actual* bias standard, "the question is whether a reasonable person would be convinced the judge was biased." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (quotation omitted).

Recusal is only required here "if actual bias or prejudice is 'proved by compelling evidence.' . . . [f]rom an extrajudicial source." *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985), *overruled on other grounds*, *Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016)); *see O'Regan*, 246 F.3d at 988. "A judge does not create questions of partiality merely by exercising his judgment." *Spangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1332 (S.D. Ind. 1999). Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," unless the remarks "reveal an opinion that derives from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "a judge's ordinary efforts at courtroom administration—even a stern and short tempered judge's ordinary efforts at courtroom administration—remain immune." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Liteky*, 510 U.S. at 556).

### TIMELINESS OF MOTION TO DISQUALIFY

A motion to disqualify a judge under 28 U.S.C. § 455 likely must be considered no matter how belatedly it is made. *Compare SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 117 (7th Cir. 1977) ("[The provisions of Section 455 do not] contain any time limits within

which disqualification must be sought."), *with In re African-American Slave Descendants Litig.*, 307 F. Supp. 2d 977, 983 (N.D. Ill. 2004) (citing other Seventh Circuit cases that could call *Morgan* into question without resolving any uncertainty as to the issue of timeliness); *see also Muench v. Israel*, 524 F. Supp. 1115, 1116 (E.D. Wis. 1981) ("[T]he Seventh Circuit has indicated by way of dictum that the issue of recusal under section 455(b) should not be circumvented by a claim of untimeliness."). 28 U.S.C. § 144, by contrast, expressly requires that a motion be "timely" filed with a "sufficient affidavit." A Section 144 motion is "not timely unless filed at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citations and quotations omitted). At least one circuit has also held that a Section 144 motion is also untimely if it is filed after the court's dismissal of the complaint. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990).

Here, Mr. Onishi waited until several weeks after the court dismissed his complaint with prejudice to raise his Section 144 and 455 claims. Additionally, many of Mr. Onishi's allegations against the undersigned magistrate judge—such as his limited extension of the deadline to amend the complaint or his service as an Indiana state court judge before coming to serve this Court—were known to him months, if not more, before the instant motion was filed. Thus, Mr. Onishi's Section 144 claim, at the very least, is untimely. Furthermore, even if Mr. Onishi's motion is considered to be timely, his allegations of impartiality, bias, and prejudice against the undersigned are meritless.

## ANALYSIS

Mr. Onishi alleges generally that both the presiding judge and the undersigned magistrate judge "were determined to dismiss this action from the beginning of this action" and that both judges were biased and prejudiced in favor of Defendants in this action. [DE 85 at 3]. As to the undersigned, Mr. Onishi specifically takes issue with his order dated December 19, 2019. [DE 52]. In that order, the undersigned granted in part Mr. Onishi's requests for an extension of time to file his third amended complaint. The undersigned only extended the deadline for one day rather than the fourteen days Mr. Onishi requested because Mr. Onishi had actually filed his amended complaint before the Court could resolve the extension request and before the requested fourteen days passed. [*See* DE 52 at 2]. Yet Mr. Onishi argues that the undersigned denied him "any reasonable extension of [the] deadline to amend [his] complaint." [DE 85 at 5]. Rather, the undersigned's decision simply reflects his exercise of judgment and discretion for purposes of case management. Having granted Mr. Onishi's request to appear *pro hac vice (*thereby providing him with immediate access to the electronic docket) and considering the emergent nature of his claims, it was well within the Court's discretion to deem Mr. Onishi's amended complaint timely filed on the day he filed it even though that was only one day after the deadline for which he sought a 14-day extension. Therefore, that decision cannot, on its own, raise questions regarding to the undersigned's partiality. See *Grove Fresh Distribs., Inc.*, 299 F.3d at 640 (quoting *Liteky,* 510 U.S. at 556); *Spangler*, 759 F. Supp. at 1332. Moreover, any objection to the undersigned's case management order should have been directed to the presiding judge

within 14 days after Mr. Onishi was served with the order. Fed. R. Civ. P. 72(a). By failing to timely object, Mr. Onishi cannot now "assign as error a defect in the order," should one exist. *Id.*

Mr. Onishi also contends that "[t]he problem of the bias and prejudice of this Court derives from the fact that Judge Gotsch was a judge of St. Joseph Superior Court for a number of years before Judge Gotsch became the magistrate judge of this Court a few years ago." [DE 85 at 9]. Mr. Onishi argues that the undersigned's judgments and orders "as a judge of St. Joseph Superior Court of St. Joseph in the past" would be jeopardized if the constitutional claims raised in this action were successful. [DE 85 at 10]. Mr. Onishi goes so far as to accuse the undersigned of "[depriving] constitutional rights under color of state law [during his] terms as a judge of St. Joseph Superior Court in South Bend, IN" creating a motive to dismiss this action "with false accusations against Plaintiffs." [DE 85 at 12]. Mr. Onishi further asserts that if this action were certified as a class action, "Judge Gotsch would be a potential defendant in this action for depriving constitutional rights of other potential plaintiffs in St. Joseph Superior Court prior to becoming magistrate judge in this court." [DE 85 at 11]. Mr. Onishi's allegations are meritless for a variety reasons, not the least of which is that Mr. Onishi's claims are premised on inaccurate facts.

First, the undersigned never served as a judge in the St. Joseph Superior Court. He was initially appointed by the Governor and then twice elected as the Judge of the St. Joseph Circuit Court. The St. Joseph Circuit Court and the St. Joseph Superior Court are separate courts established by Indiana law. *See* Ind. Code § 33-33-71 et seq.

Second, Mr. Onishi has provided no outside proof to suggest that the undersigned demonstrated any impartiality based on his past experience as the St. Joseph Circuit Judge. Third, Mr. Onishi offers no evidence to support his claim that "Judge Gotsch has an extremely close tie with the Defendants in this action, including the county of St. Joseph." [DE 85 at 9]. Even if the undersigned has developed and/or maintained contacts with individuals in the local judicial community, no evidence has been proffered to show that the undersigned was influenced by those connections in his decisions in this case. No such evidence could be proffered because the undersigned was not influenced by his connections in the local community in this action or any other. In addition, Mr. Onishi offers no evidence that the undersigned deprived the constitutional rights of other potential defendants while serving as judge of the St. Joseph Circuit Court. In fact, the undersigned would be entitled to absolute judicial immunity for all actions taken in his judicial capacity in cases over which the St. Joseph Circuit Court had jurisdiction. *See Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1226 (Ind. Ct. App. 1999). As such, Mr. Onishi's allegations against the undersigned are speculative at best, and not based on either facts or personal knowledge. Therefore, Mr. Onishi's unsupported arguments are not reasonable and reflect the machinations of an unduly suspicious person. *See O'Regan*, 246 F.3d at 988; *see also In re United States*, 666 F.2d 690, 694 (1st Cir. 1981) (recusal cannot be based on "unsupported" or "irrational" speculation).

Fourth, Mr. Onishi takes issue with several other matters in this Court's handling of his case. He often alleges that both the presiding judge and the undersigned

magistrate judge are responsible for those issues. In so doing, Mr. Onishi—a lawyer admitted *pro hac vice* to this Court—demonstrates his total lack of understanding of the coordinated roles of a presiding judge and a magistrate judges in this District. In this District, the division of labor between an assigned Article III district judge, with final authority over non-consented cases like Mr. Onishi's, and an assigned magistrate judge is governed by N.D. Ind. L.R. 72-1(b) and the General Orders of this Court. Opinions and orders are not issued jointly by more than one judge. Dispositive matters are not decided by magistrate judges in non-consented cases. Moreover, magistrate judges issue opinions, orders, and reports and recommendations only on matters referred to them by the presiding judge. *See* Gen. Order 2007-10. Accordingly, the remaining issues raised in Mr. Onishi's instant motion are related to the presiding judge and will be addressed separately by the presiding judge as deemed appropriate or necessary.

Lastly, Mr. Onishi's suggestion that a conflict of interest exists between the presiding and magistrate judge because they work for the same court is not just misplaced; it is irrational. [DE 85 at 12, ¶ 15]. Every district court around the country relies upon the cooperation of magistrate and district judges to manage the docket.

## CONCLUSION

Mr. Onishi's arguments for recusal of the undersigned are unsupported, irrational, or speculative and/or should have been addressed by appeal mechanisms provided by the Court's procedural rules. Accordingly, these arguments fail to establish the partiality, bias, or prejudice necessary for recusal under 28 U.S.C. §§ 144 and 455. Therefore, the Court **DENIES IN PART** Mr. Onishi's motion for the undersigned

magistrate judge to recuse himself. [DE 85]. Mr. Onishi's motion as to the presiding judge will be addressed by separate order.

**SO ORDERED** this 4th day of May 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
