UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TOSHISADA ONISHI,

    Plaintiff,

    v.      CAUSE NO. 3:19-cv-1048 DRL-MGG

DAVID CHAPLEAU *et al.*,

    Defendants.

OPINION & ORDER

Toshisada Onishi has filed a motion to disqualify the presiding judge and magistrate judge under 28 U.S.C. §§ 144 and 455 and the Fourteenth Amendment's Due Process Clause. He filed an affidavit in support. Because his alleged grounds for recusal are without merit, the court denies the motion as to the presiding judge. In addition, the court directs entry of judgment.

DISCUSSION

    A.    *The Court Denies the Motion to Recuse the Presider.*

A judge must recuse only when the circumstances merit. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (citing *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)). Mr. Onishi says the presiding judge must recuse under both recusal statutes (28 U.S.C. §§ 144 and 455) and the Fourteenth Amendment's Due Process Clause.

The court starts with the constitutional argument. Mr. Onishi offers no argument or authority on the due process claim, so the court needn't in truth address it. *See Gross v. Town of Cicero*, 619 F.3d 697, 704-05 (7th Cir. 2010) ("not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver") (quoting *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002)); *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir.

2008) ("Unsupported and undeveloped arguments . . . are considered waived."). In addition, the Fourteenth Amendment would plainly seem not to apply here. Its due process command applies to the states whereas the Fifth Amendment applies to the federal government.  U.S. Const. amends. V, XIV § 1; *see Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

Still, in an abundance of caution, to ensure the fairness of this proceeding, and presuming the coextensive nature of constitutional due process under the two amendments for recusal purposes, the court notes that due process requires recusal when the likelihood of bias "is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Due process guarantees "an absence of actual bias" from a judge. *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). The question is not whether a judge "harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Id.* (quoting in part *Caperton*, 556 U.S. at 881) (internal quotations omitted). Recusal is constitutionally warranted when there is actual bias or the appearance of bias with a high risk of actual bias. *Suh v. Pierce*, 630 F.3d 685, 691 (7th Cir. 2011). Due process rights are violated when a judge "has prejudged the facts or the outcome of the dispute before [him]." *Franklin v. McCaughtry*, 398 F.3d 955, 962 (7th Cir. 2005).

Mr. Onishi has not shown any actual basis by the presider. He has not established even an appearance of bias based on the circumstances that he offers in his motion, so there likewise is not a high risk of actual bias to require recusal under constitutional due process. *See Suh*, 630 F.3d at 691 ("most matters relating to judicial disqualification d[o] not rise to a constitutional level") (quoting *FTC v. Cement Inst.*, 333 U.S. 683, 702 (1948)). For all these reasons, his motion on this basis must be denied.

Mr. Onishi next says recusal is mandated by statute. The first statute provides that a judge must recuse himself from "any proceeding in which his impartiality might reasonably be questioned."

2

28 U.S.C. § 455(a). This is an "objective inquiry," *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990), "from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances*," *Cheney v. United States Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (Scalia, J., sitting alone). The reasonable observer is a "well-informed, thoughtful observer rather than . . . a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (quoting *In re Mason*, 916 F.2d at 386). A reasonable person "appreciate[s] the significance of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely an illusion." *In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010).

The second standard, found in marrying two similarly worded statutes, requires recusal when the judge has a "personal bias or prejudice" against a party in the proceeding. 28 U.S.C. §§ 144, 455(b)(1). These two statutes present identical standards. *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) ("Because the phrase 'personal bias or prejudice' found in Section 144 mirrors the language of Section 455(b)," the court analyzes the two statutory methods of disqualification identically). In determining whether a judge must recuse under this actual bias standard, "the question is whether a reasonable person would be convinced the judge was biased." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (quotation omitted). Recusal is only required here "if actual bias or prejudice is 'proved by compelling evidence.' . . . [f]rom an extrajudicial source." *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985), *overruled on other grounds*, *Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016)); *see O'Regan*, 246 F.3d at 988. Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," unless the remarks "reveal an opinion that derives from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "a judge's ordinary efforts at courtroom administration—even a stern and short tempered judge's ordinary efforts at

courtroom administration—remain immune." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Liteky*, 510 U.S. at 556).

Before engaging the substance of Mr. Onishi's motion, the court pauses to address whether the motion was timely filed. This circuit has held that a motion to disqualify a judge under 28 U.S.C. § 455 must be considered no matter how belatedly it is made, *see SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 117 (7th Cir. 1977), though the vitality of that holding remains in question, *see, e.g.*, *Schurz Commc'ns v. FCC*, 982 F.2d 1057, 1060 (7th Cir. 1992); *Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, 782 F.2d 710, 716-17 (7th Cir. 1986); *United States v. Murphy*, 768 F.2d 1518, 1539 (7th Cir. 1985). The court will not view this motion, based on 28 U.S.C. § 455, untimely because of that seeming circuit conflict and because its substance requires its denial in any event.

28 U.S.C. § 144, by contrast, requires that a motion be "timely" filed with a "sufficient affidavit." This circuit has held that a § 144 motion is "not timely unless filed at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citations and quotations omitted). At least one circuit has held that a § 144 motion is also untimely if it is filed after the court's dismissal of the complaint. *See Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). Because Mr. Onishi waited several weeks after the court dismissed his complaint with prejudice to raise his § 144 claim and because many of the claims he presented were known well before that time—such as the presiding judge's appointment to the bench by a Republican administration—the court finds that Mr. Onishi's § 144 claim is untimely. Nevertheless, because a final judgment has not been entered in this case, the court turns to consider the merit of the motion in total.

Most of Mr. Onishi's arguments for recusal are rehashed arguments that the presiding judge has already addressed in both the court's opinion dismissing this case with prejudice (ECF 73) and in the denial of Mr. Onishi's motion to reconsider (ECF 79). These arguments include that no nude

4

photographs were submitted by Mr. Onishi (ECF 85 ¶ 5(i)); that he complied in good faith with the Federal Rules of Civil Procedure (*id.* ¶¶ 5(ii), 5(vii)); that the court incorrectly docketed a motion he sent to the clerk's office but didn't want docketed (*id.* ¶¶ 5(iii), 12, 13); that the court disregarded certain statements during the show cause hearing (*id.* ¶¶ 5(iv), 7); that the court should have allowed him to change venue (*id.* ¶¶ 5(v), 5(viii), 20); that the court erred by not certifying his case as a class action (*id.* ¶¶ 5(vi), 10); that he should have been permitted to email chambers about his concerns (*id.* ¶ 5(ix)); that the court erred in dismissing the case with prejudice without the presence of Teruko Onishi (*id.* ¶ 5(xi)); that the court should have granted him more than a one-day extension to submit his third amended complaint (*id.* ¶ 7); and that the court did not adequately address the alleged misconduct of some of the defendants (*id.* ¶ 9). These are substantive arguments about procedure and the merits, but they're not grounds for recusal here. *See Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion"); *Grove Fresh Distribs., Inc.*, 299 F.3d at 640 (judge's rulings during the litigation, absent "extraordinary circumstances," are not grounds for recusal); *see also Barnett v. City of Chicago*, 952 F. Supp. 1265, 1269 (N.D. Ill. 1997) ("Should disqualification result merely as a result of counsel's disagreement with judicial conclusions reached in the course of litigation, the judicial system would grind to a halt.").

Mr. Onishi next argues that the presiding judge has a conflict of interest warranting recusal because he was nominated to the bench by a Republican administration and the alleged constitutional violations were committed by a number of alleged members of the Republican party. ECF 85 ¶¶ 6, 18. This point, even if true (as the presider has no knowledge of the political beliefs of the more than fifteen defendants here) doesn't require recusal. The presider hasn't the luxury of public political views; he keeps company with federal rules, law, procedure, equity, and the Constitution—the stuff of federal courts. A judge's perceived political affiliation is not enough to give rise to the appearance of a conflict. "Reasonable, well-informed observers of the federal judiciary understand that judges with political

friends or supporters regularly cast partisan interests aside and resolve cases on the facts and law." *In re Mason*, 916 F.2d at 387 (holding that there was no appearance of bias created by fact that judge had, before appointment to bench, made political contribution to party in case before him); *see also Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 54, 64 (D.D.C. 2010) ("[A]llegations of bias based on the Court's appointment by former President Clinton, alleged political affiliations, and the Court's judicial rulings are legally insufficient to warrant or justify disqualification."). Accordingly, the presider's impartiality cannot reasonably be questioned on this basis, 28 U.S.C. § 455(a), nor does it demonstrate a personal bias or prejudice, 28 U.S.C. §§ 144, 455(b)(1). This point shows neither actual bias nor an appearance of bias. *See In re Mason*, 916 F.2d at 388; *see also Cheney*, 541 U.S. at 920-22 (Justice's friendship with Vice President did not require Justice's recusal when Vice President was sued in his official capacity, even when Justice and family members previously took a flight on Vice President's airplane for a hunting trip).

Mr. Onishi next argues that the presiding judge has the appearance of bias or is actually biased because he lives in the same county as some defendants, many of whom work in local government roles, and that he would naturally be inclined to rule in favor of the defendants so as to prevent any retaliatory action against him from those defendants. ECF 85 ¶ 8. This argument merits little comment, *see Dillingham v. Schofield*, 2011 U.S. Dist. LEXIS 93187 at 34-35 (E.D. Tenn. Aug. 19, 2011) (commonality of location between judge and defendants not grounds for recusal), as only a hypersensitive and unduly suspicious person would believe this, *see O'Regan*, 246 F.3d at 988. In the immortal words of Qui-Gon Jinn, "Remember, your focus determines your reality." If Mr. Onishi's argument was carried to its logical conclusion, every judge would need to recuse from any matters involving government officials who happen to live in close proximity or in the same city or county, and that is untenable. *See Baker v. City of Detroit*, 458 F. Supp. 374, 378 (E.D. Mich. 1978). The presider's

impartiality cannot reasonably be questioned on this basis, 28 U.S.C. § 455(a), nor does it demonstrate a personal bias or prejudice, 28 U.S.C. §§ 144, 455(b)(1).

Mr. Onishi rehashes incidents of retaliatory actions the defendants have allegedly taken against him, without offering any proof, as evidence that the presiding judge would actually be biased since he lives in close proximity to the defendants and would know that those defendants actually did engage in those retaliatory actions. *See* ECF 85 ¶¶ 8-9. Once again, these are arguments of an unduly suspicious person and are unreasonable. *O'Regan*, 246 F.3d at 988; *see also In re United States*, 666 F.2d 690, 694 (1st Cir. 1981) (recusal cannot be based on "unsupported" or "irrational" speculation). The presiding judge's rulings were not in any way influenced by the roles the defendants play in the local government.

Mr. Onishi next argues that the presiding judge restricted his access to CM/ECF to intentionally prevent him from further filings in response to the court's order on February 7, 2020, which dismissed this case with prejudice (ECF 73). ECF 85 ¶¶ 4-5, 11. The presiding judge didn't do this. This argument is unreasonable and irrational. *O'Regan*, 246 F.3d at 988; *In re United States*, 666 F.2d at 694; *see also In re Mason*, 916 F.2d at 386 ("some people see goblins behind every tree"). Whatever loss of CM/ECF service he may have experienced was restored to him by the clerk's office promptly, without penalty from the court, or any prejudice to his case.

Mr. Onishi last argues that a conflict of interest exists between the presiding and magistrate judge because they work for the same court. ECF 85 ¶ 15. This isn't a conflict of interest and doesn't merit discussion. Most every district court around the country relies on the cooperation of magistrate and district judges. The Federal Rules of Civil Procedure, *see, e.g.*, N.D. Ind. L.R. 72-1, and this district's governing orders, *see, e.g.*, Gen. Order 2007-10, contemplate that intersect.

In sum, Mr. Onishi's arguments for recusal consist of either "unsupported, irrational or highly tenuous speculation," *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d at 694), or argue about the validity of the court's rulings. He offers no meritorious

grounds for recusal. Accordingly, the court denies Mr. Onishi's motion for the presiding judge to recuse himself.

      B.      *The Court Directs the Entry of Judgment.*

In reviewing the docket, the court observes that a separate final judgment has not been entered since the court's dismissal of this case with prejudice (ECF 73). *See* Fed. R. Civ. P. 58(a). The court, following the order of dismissal, denied Mr. Onishi's motion for reconsideration (ECF 75) while construing it as a motion filed under Fed. R. Civ. P. 59(e). The court pauses to reconsider that ruling (ECF 79) *sua sponte*.

Rule 59(e) is entitled a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e); *see Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) ("Rule 59(e) allows a court to alter or amend a judgment . . . ."). The rule requires that such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); *see Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019) ("Rule 59(e) governs motions to reconsider filed within 28 days of a judgment[.]"). Judgment is defined in the rules as either a "decree" or "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Accordingly, this circuit has held that Rule 59(e) is not the proper standard to challenge a *non-final* order. *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018).

Although the court has not found clear guidance from this circuit on this question, at least one other circuit has held that motions for reconsideration under Rule 59(e) are timely following a final order disposing of all claims in a case, though made before separate judgment was entered. *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989) (per curiam) (collecting authorities). As noted by another circuit, "nothing in [Rule 59] prohibits early filings." *Larez v. City of Los Angeles*, 946 F.2d 630, 636 (9th Cir. 1991); *see also Hilst*, 874 F.2d at 726 (courts and commentators generally agree that Rule 59 "sets only a maximum period and does not preclude a party from making a Rule 59 motion before a formal judgment has been entered") (citing cases). Both these cases have been cited as positive precedent in

a published opinion by a district court within this circuit. *See Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 205 F. Supp.2d 976, 978 (S.D. Ill. 2002).

It thus appears that a Rule 59(e) motion may be filed after a final order, and early before a judgment, so long as it is filed within the rule's time restrictions. Accordingly, the court reaffirms its ruling that Rule 59(e)—which gives a movant 28 days to file a motion for reconsideration following entry of judgment—properly governed Mr. Onishi's motion to reconsider. It was filed timely by Mr. Onishi—after the final order but before the Rule 59(e) deadline. *See Hilst*, 874 F.2d at 726.

Nevertheless, even if Rule 59(e) were not to apply to his motion to reconsider, *cf. Pellicano v. Blue Cross*, 540 F. Appx. 95, 97 n.4 (3d Cir. 2013), the result would be the same. The court has power, both inherently and under Rule 54(b), to reconsider a ruling before entry of final judgment "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (citing cases); *see also Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). The standard for reconsideration is the same standard as Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citing *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Woods v. Resnick*, 725 F. Supp. 2d 809, 827-28 (W.D. Wis. 2010) ("motions to reconsider [interlocutory orders] are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)").

So, regardless of whether the court's power to reconsider its final order dismissing the case with prejudice was found under Rule 59(e) or as part of the court's inherent power, the court properly addressed Mr. Onishi's motion to reconsider (ECF 75) and leaves its ruling undisturbed (ECF 79) based on the rationale therein. The court will direct the clerk to enter judgment for the defendants.

CONCLUSION

For these reasons, Mr. Onishi's motion to recuse the presiding judge (ECF 85) is DENIED. Mr. Onishi's request vis-à-vis the magistrate judge has been addressed separately (ECF 88). The clerk of the court is DIRECTED to enter judgment for defendants and against Mr. Onishi according to the court's prior order dismissing the case with prejudice (ECF 73). There being no other motions or matters, this case remains terminated.

SO ORDERED.

May 4, 2020                                         *s/ Damon R. Leichty*
                                                                  Judge, United States District Court